IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LUAL MARKO DENG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-257-Z-BR |
| | § | |
| CHICK-FIL-A, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Before the Court is Lual Marko Deng's ("Plaintiff's") Complaint. (ECF 3). Plaintiff is proceeding *pro se*. Plaintiff has not paid the filing fee nor requested permission to proceed *in forma pauperis*. For the reasons explained below, the Court recommends that the Complaint be DISMISSED without prejudice for lack of subject matter jurisdiction.

**I.   FACTUAL BACKGROUND**

On October 29, 2020, Plaintiff filed his Complaint, alleging Defendants Chick-Fil-A, Chick-Fil-A manager Joshua Raef, and Chick-Fil-A employees violated his rights. (ECF 3). Plaintiff indicates that, while working for Chick-Fil-A on January 1, 2017, other employees harassed Plaintiff. *Id*. Plaintiff further alleges that "premises liability" holds manager Joshua Raef liable for the actions of his employees. *Id*. Plaintiff alleges he has invoked the following federal question jurisdiction: "Why were Chick-Fil-A employees trespassing my chattel copyrights on 1/1/17?" *Id*. at 1. Plaintiff solely alleges the date of January 1, 2017 as the day where he was "harassed" by fellow coworkers while employed by Defendant Chick-Fil-A. As such, it is also probable that Plaintiff's lawsuit is subject to dismissal on statute of limitations grounds, but

Plaintiff has failed to indicate any legal basis for his claims and determining the appropriate statute of limitations for his factual allegations is therefore difficult. As this Court's jurisdiction is lacking, Plaintiff's case should be dismissed in any event.

## II.     STANDARD OF REVIEW

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999), as the federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Plaintiff chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming*, 281 F.3d at 161. This Court will consider all of plaintiff's pleadings and filings to determine whether facts exist to support the Court's subject matter jurisdiction. *See Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 16.

When assessing jurisdiction, the district court accepts the plaintiff's allegations in the complaint as true and may resolve undisputed facts. *See Choice Inc. of Texas v. Greenstein*, 691

F.3d 710, 714 (5th Cir. 2012). The plaintiff, as the party asserting jurisdiction, bears the burden of proof for establishing federal court jurisdiction. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). In the end, a court should "dismiss for lack of subject matter jurisdiction … only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice Inc. of Texas*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

### III.   ANALYSIS

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331; or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Federal courts are courts of limited jurisdiction. *See* U.S. CONST. ART. III, § 2, CL. 2. A federal district court only has the power to make decisions on the merits of a case when jurisdiction arises under the constitution and is conferred by Congress in a federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A plaintiff who brings suit in federal court has the burden to prove that the district court has jurisdiction over the alleged controversy. *Kokkonen*, 511 U.S. at 377. The basis for federal subject matter jurisdiction should affirmatively appear in the plaintiff's pleading in the form "of a short and plain statement" asserting the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

However, allegations made in a complaint by a pro se plaintiff are liberally construed and held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). "If a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987) (citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).

### Analysis of Plaintiff's Complaint for Subject Matter Jurisdiction

There are only two ways to establish federal subject matter jurisdiction: (1) federal question; and (2) diversity jurisdiction. *See* 28 U.S.C §§ 1331 and 1332. When a pro se plaintiff files suit in federal court and does not make a short statement of the grounds for jurisdiction pursuant to Federal Rule of Civil Procedure 8(a)(1), the court looks to the facts alleged to determine whether subject matter jurisdiction is appropriate. *See Margin*, 812 F.2d at 976; *Perez*, 312 F.3d at 194–95. Here, Plaintiff failed to make a brief statement asserting grounds for jurisdiction. Thus, this Court will look to the facts alleged to ascertain jurisdiction. *See id*.

#### 1. Federal Question Jurisdiction

District courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, establishing federal-question jurisdiction is more limited and difficult than the "arising under" language might suggest. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The question whether a claim "arises under" federal law is determined by the well-pleaded complaint rule. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983). The longstanding rule requires that it be clear from the face of the plaintiff's original complaint that a federal question is asserted. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "[C]ases brought under the

general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm., Inc.*, 478 U.S. at 808. Thus, to establish federal-question jurisdiction, a plaintiff must specifically allege on the face of the complaint a cause of action created by a federal law. *See id*.

The most common way to assert a federal question is to allege in the complaint that a plaintiff was injured by a defendant in violation of a specific federal statute that has a cause of action with a remedy. *Id*. Here, Plaintiff's pro se pleadings fail to allege federal question jurisdiction on the basis of any statute.

Even "[i]f a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987). So, for Plaintiff to establish federal-question jurisdiction, he must have specifically alleged facts on the face of his complaint that satisfy a cause of action created by a federal law. *See Merrell Dow Pharm., Inc.*, 478 U.S. at 808; *Margin*, 812 F.2d at 976. Additionally, the Court may look outside of the pleadings to determine whether the facts alleged in the pleadings support subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Plaintiff's Complaint alleges, at the very broadest interpretation, a state law claim of harassment by fellow coworkers. Such claims are not sufficient to invoke this Court's jurisdiction. Because Plaintiff has failed to allege any other basis for federal subject matter jurisdiction, this case should be summarily dismissed.

This Court cannot say that Plaintiff's pleadings support federal-question jurisdiction. *See Merrell Dow Pharm., Inc.*, 478 U.S. at 808; *Margin*, 812 F.2d at 976. Although allegations made in a complaint by a pro se plaintiff are liberally construed, the facts alleged by Plaintiff, even

viewed in the most liberal fashion, simply do not state or describe a cause of action in which federal-question jurisdiction is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). Plaintiff has failed to allege on the face of the complaint a statutory cause of action created by federal law. *Merrell Dow Pharm., Inc.*, 478 U.S. 804, 808 (1986). Moreover, Plaintiff has failed to allege facts that can satisfy, without naming a statute, the jurisdictional requirements of a federal question. *See Margin*, 812 F.2d at 976.

In reaching this decision, the Court conducted a review of the facts alleged in Plaintiff's pro se pleadings. (ECF Nos. 3, 10). This Court examined whether Plaintiff's factual allegations fall within a cause of action conferred by Congress in any statutes. This search for an appropriate statute or pleading mechanism did not reveal a cause of action that supports the exercise of federal-question jurisdiction for Plaintiff's allegations.

Even when a plaintiff is proceeding *pro se*, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted); *Govea v. ATF*, 207 Fed. App'x. 369, 372 (5th Cir. 2006) (not selected for publication). Establishing subject matter jurisdiction is the threshold, the "material point necessary to sustain [any] recovery," and failure to do so is fatal to a suit in federal court. *See Campbell*, 43 F.3d at 975; *Govea*, 207 Fed. Appx. at 372. Furthermore, courts need not " 'conjure up unpled allegations or construe elaborately arcane scripts' to save a complaint." *Campbell*, 43 F.3d at 975 (quoting *Gooley v. Mobil Oil Corp*., 851 F.2d 513, 514 (1st Cir. 1988)). Any further search by this Court for a cause of action for Plaintiff's pro se suit might fall into the category of construing elaborate scripts to

save the complaint. *See id*. Moreover, the " 'special judicial solicitude' with which a district court should view … pro se [filings] does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). Plaintiff has failed to uphold his burden of proof and establish subject matter jurisdiction through the assertion of a federal question. *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

### 2. Diversity jurisdiction

A district court may have subject matter jurisdiction under diversity jurisdiction if the amount in controversy exceeds $75,000.00, *and* the action is between citizens of different states. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship. *See Whalen v. Carter*, 654 F.2d 1087, 1094 (5th Cir. 1992). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). "[P]laintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed." *Whitmore v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000); *see also Vela v. Manning*, 469 Fed. Appx. 319, 320 (5th Cir. 2012) (not selected for publication). If the plaintiff shares the same state citizenship as one of the defendants, then the district court cannot exercise diversity jurisdiction. *See Whalen*, 654 F.2d at 1094.

Although Plaintiff appears not to advance an argument that diversity jurisdiction exists, the Court may infer from the facts alleged in the Complaint and from Plaintiff's domicile in Amarillo, Texas that he is a citizen of Texas, *see, e.g., Bacon v. Southwest Airlines Co.*, 997 F. Supp. 775, 779 (N.D. Tex. 1998), and the Court also may take notice that at least one Defendant, Joshua Raef, is an employer in Amarillo, Texas. It is therefore apparent that complete diversity is lacking. *See, e.g., Bacon*, 997 F. Supp. at 779 ("Plaintiffs' complaint strongly indicates that they are citizens of

Texas. Defendants SWA and American Express are also citizens of Texas, which means that complete diversity does not exist." (footnote omitted)); *cf. Arshia, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 3:12-cv-2122-L, 2012 WL 4748065, at *2 (N.D. Tex. Oct. 4, 2012) ("[T]he law is that diversity of citizenship must exist, not diversity of residency; however, in light of Kincaid residing in Texas and his nonopposition to remand, the court reasonably infers that he is a citizen of Texas." (emphasis omitted)).

Based on this, Plaintiff's suit does not establish subject matter jurisdiction through an assertion of diversity jurisdiction. *See Life Partners, Inc.*, 650 F.3d at 1029.

## IV.   CONCLUSION

Even when construed liberally, Plaintiff's Complaint fails to allege facts supporting either federal question or diversity jurisdiction. Plaintiff does not refer to any federal cause of action by name, and the Complaint's facts and legal assertions do not resemble those underlying a federal cause of action. Further, the Court can infer that both Plaintiff and a least one Defendant are citizens of Texas. (ECF Nos. 3). Thus, Plaintiff has failed to establish diversity jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.").

## V.   RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Complaint (ECF 3) be DISMISSED without prejudice for lack of subject matter jurisdiction. Further, it is clear that any amendment to Plaintiff's claims would be futile, as they are factually baseless.

## VI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 26, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).